IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MADINNA A. MELVIN,                                                        PLAINTIFF

v.                                                        Civil Action No.: 1:08CV264-SAA

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                         DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Madinna A. Melvin for a period of disability (POD) and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act. Plaintiff applied for benefits on December 13, 2005, alleging that she became disabled January 1, 2005, but later amended her onset date to May 1, 2005. She alleges that she became disabled due to back problems, diverticulitis, hypertension, thyroid problems and high cholesterol. The plaintiff's claim was denied initially and on reconsideration. Plaintiff requested an administrative hearing which was held on February 12, 2008. She was not represented by counsel at the hearing. The ALJ issued an unfavorable decision on April 7, 2008, and plaintiff properly filed a request for review with the Appeals Council. The Appeals Council denied plaintiff's request for review. The ALJ's decision is now ripe for review.[1]

---

[1] The parties have consented to trial before a magistrate judge, and the undersigned has authority to render judgment under the terms of 28 U.S.C. § 636(c)(1). Docket 10.

1

**FACTS**

The plaintiff was born February 25, 1962, has a high school education and was forty-five years old at the time of the administrative hearing. (Tr. 23). Her past relevant work is as a machine operator, restaurant manager, restaurant assistant manager and a forklift operator. (Tr. 17, 53).

In his decision, the ALJ determined that the plaintiff suffered from several "severe" impairments (Tr. 17, Finding No. 3), but that these impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 21-22, Finding No. 4). He concluded that because the plaintiff retains the Residual Functional Capacity (RFC) to perform only sedentary work, with the option to sit or stand at will, (Tr. 22, Finding No. 5), she can no longer perform her past relevant work as a machine operator II, restaurant manager, restaurant assistant manager or forklift operator. (Tr. 23, Finding No. 6). Upon consideration of the plaintiff's age, education, work experience and residual functional capacity, and relying on the testimony of a vocational expert ("VE"), the ALJ held that the plaintiff could perform jobs that exist in significant numbers in the national economy (Tr. 23 - 24, Finding No. 10) and therefore was not disabled under the Social Security Act. (Tr. 24, Finding No. 11).

On appeal to this court plaintiff claims two errors: (1) The ALJ erred in finding at step five that the plaintiff can perform jobs that exist in significant numbers in the national economy, particularly in light of the fact that plaintiff was not represented by counsel; and (2) the ALJ did not properly consider plaintiff's impairments in combination as required by 20 C.F.R. §404.1523. Docket 11.

**STANDARD OF REVIEW**

In determining disability the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves

---

[2] *See* 20 C.F.R. § 404.1520 (2003).

[3] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[4] 20 C.F.R. § 404.1520(b) (2003).

[5] 20 C.F.R. § 404.1520 (2003).

[6] 20 C.F.R. § 404.1520(d) (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525 (2003).

[7] 20 C.F.R. § 404.1520(e) (2003).

[8] 20 C.F.R § 404.1520(f)(1) (2003).

other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). Substantial evidence has been defined by the Fifth Circuit as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

## DISCUSSION

### 1. ALJ'S DUTY TO DEVELOP THE RECORD

The ALJ concluded plaintiff has "severe" impairments, including herniated nucleus pulposus at level L5-S1 of the lumbar spine, status post lumbar laminectomy times three,

---

[9]*Muse*, 925 F.2d at 789.

4

hypertension, diverticulitis and cervical spondylosis. (Tr. 17, Finding No. 3). Nevertheless, at step three of the sequential evaluation process the ALJ found that the plaintiff's limitations did not meet or equal any impairment listed at 20 CFR pt. 404, subpt. P, app. 1 (2008). (Tr. 21-22, Finding No. 4). The ALJ reviewed the medical records as a whole, considered the credibility of the plaintiff's subjective complaints, engaged in a detailed discussion of the plaintiff's symptoms and factors considered in determining credibility, and appropriately reviewed the plaintiff's vocational abilities. He determined at step four that the plaintiff retains the RFC to perform sedentary work, except that she requires the option to sit or stand at will. (Tr. 22, Finding No. 5). Using the Medical-Vocational Guidelines as a framework and relying on the testimony of a vocational expert, the ALJ determined at step five that the plaintiff was capable of performing other jobs that exist in significant numbers in the national economy, including a telephone clerk and a laminator I. (Tr. 24), and she therefore was not disabled under the Act. (Tr. 20, Finding No. 12).

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because he failed to meet his "heightened duty" to develop the record fully and fairly, particularly in light of the plaintiff's *pro se* status. According to plaintiff, who is now represented by counsel, the ALJ erred at step five in relying on an RFC that did not exist and in allowing the VE to testify to information that was not consistent with the Dictionary of Occupational Titles ("DOT"). Docket 11, p. 9. Although an ALJ does have a heightened duty to completely explore all relevant facts, the Fifth Circuit has held that to obtain reversal of ALJ's decision for failing to fulfill this duty, the plaintiff must establish both that the ALJ failed to fully develop the record and that she was prejudiced as a result. *Brock v. Chater*, 84 F.3d 726 (5TH Cir. 2003); *Castillo v.*

5

*Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003). To establish prejudice plaintiff must show that counsel "could and would have adduced evidence that might have altered the result." *Brock* at 728. In this case, plaintiff is currently represented by counsel. Although counsel supplied new information to the Appeals Council – an otherwise unsupported statement from Dr. Joseph L. Pratt dated August 13, 2008 and an MRI report dated August 18, 2008 – counsel has offered no additional evidence to show a history of mental health treatment or medical evidence supporting any indication that plaintiff has a mental illness. (Tr. 5).

### A. ALJ's determination of plaintiff's RFC

Plaintiff argues that the ALJ relied on an RFC that "did not exist." The ALJ determined that the plaintiff could perform sedentary work, except that she requires the option to sit or stand at will. (Tr. 22, Finding No. 5). Social Security regulations define sedentary work as

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). The *Dictionary of Occupational Titles,* Vol. II, App. C (1991) defines sedentary work as

> (e)xerting up to 10 pounds of force occasionally . . . and/or a negligible amount of force frequently . . . to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

Finally, 20 C.F.R. § 404.1567(b) defines light work as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very

6

little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

*See also Milam v. Bowen,* 782 F.2d 1284, 1289 -1290 (5th Cir. 1986). Although plaintiff's treating physician Dr. Leonard Pratt provided letters in October 2006, October 2007 (both considered and referenced in the ALJ's decision) and August 18, 2008 (sent to the Appeals Council) which would, if fully credited, limit plaintiff's abilities to less than a full range of sedentary work, the ALJ properly determined that Dr. Pratt's opinion should not be afforded controlling weight. (Tr. 19 - 23, 295, 438, 458). The undersigned concludes that the ALJ properly afforded less than controlling weight to Dr. Pratt's opinion under applicable regulations and case law. *Qualls v. Astrue,* 2009 WL 2391402, *5 (5th Cir. 2009)(slip op.).

The Medical Consultant Review by Louis Saddler on February 16, 2006, states that plaintiff's severity rating is "Not Severe." (Tr. 235). Dr. William Hand's physical residual functional capacity assessment on June 21, 2006, only limits the plaintiff's RFC to light work. (Tr. 287 - 293). Dr. John A. Frenz's November 14, 2007 medical source statement limits plaintiff to less than a full range of light work, but provides that she can perform a full range of sedentary work according to the regulations. (Tr. 455 - 457). Other than the two letters from plaintiff's treating physician which were addressed by the ALJ, there is no evidence that establishes that the plaintiff suffers from a disability as defined by the Social Security Act. The RFC adopted by the ALJ is based substantially on Dr. Frenz's assessment, but modified to accommodate plaintiff's need for a sit/stand option. (Tr. 43-44).

The court must consider objective medical facts, diagnoses and opinions of treating and

7

examining physicians, plaintiff's subjective evidence of pain and disability and her age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam), citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman).

Nevertheless, it is clear that the ALJ carefully considered the medical evidence in this case, including opinions by Dr. Frenz and Dr. Pratt, along with the remaining medical evidence and testimony at the hearing. The ALJ's determination is fully supported by the other medical evidence in the record. Plaintiff's assertion that the ALJ relied on an RFC that was not in the record is inaccurate. Although not a direct adoption of Dr. Frenz's assessment, the ALJ modified Dr. Frenz's assessment to the plaintiff's benefit, that is providing a more restrictive RFC tailored to the plaintiff's stated limitations. Nevertheless, the testimony of the VE, application of the grids,[10] and the evidence in the record supports a finding of "not disabled" as determined by the ALJ. Plaintiff has not demonstrated that the ALJ failed to meet his heightened duty under the regulations.

---

[10] 20 C.F.R. Part 404, Subpart P, Appendix 2.

B. ALJ's reliance on testimony of the VE's and its consistency with the DOT

Plaintiff next argues that the ALJ failed in his duty to the plaintiff by allowing the VE to submit testimony that is contradictory to the DOT. Specifically, the plaintiff argues that she "does not believe that the jobs identified by the Vocational Expert contemplate a situation wherein the employee has the option to sit/stand at her own will. In all reality, the option to sit/stand is at the will of the employer." Docket 11, p. 10.

Social Security Ruling ("SSR") 00-4p requires an ALJ to inquire on the record whether there is any conflict between the Dictionary of Occupational Titles and the VE's testimony.[11] Plaintiff contends that the testimony of the VE conflicts with the DOT in that each job mentioned, a laminator and a telephone clerk "involves sitting most of the time, but may involve walking or standing for brief periods of time." DOT 690.685-258 1991 WL 678561 (as amended June 2005). The ALJ specifically found that "[p]ursuant to SSR00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 24). The court is unable to discern any real conflict between the VE's testimony and the DOT. Plaintiff acknowledges that the DOT does not use the terminology of a "sit/stand option" within the descriptions of these jobs – or, for that matter, of *any* job. Nevertheless the job descriptions do acknowledge that the jobs involve sitting most of the time, but may also require

---

[11]SSR 00-4p, p. 4 states:
When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and if the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

9

walking or standing for brief periods. That the DOT does not specifically describe a "sit/stand option" does not necessarily create in inherent conflict when the ALJ's determination of a plaintiff's RFC provides for the option. *See Charles v. Astrue*, 291 Fed. Appx. 552, (5th Cir. 2008)(slip op.); *Sblewski v. Astrue*, 302 Fed. Appx. 488, 494-95 (7th Cir. 2008). Accordingly, the court holds that the VE's testimony was not in conflict with the DOT, and the ALJ's reliance on the VE's testimony was proper. Substantial evidence supports the ALJ's decision. Plaintiff's argument that she suffered prejudice related to this issue must fail.

### C. The ALJ's duty to order a consultative exam on plaintiff's claim of a mental impairment

Plaintiff contends that the ALJ failed to adequately develop the record because he did not send her for a mental consultative exam. In support of this argument, plaintiff cites the fact that she did not have counsel at the hearing, along with Dr. Pratt's statement that she could not tolerate job stress and her husband's testimony that she often "gets confused," asks the same questions and repeats herself. The Fifth Circuit held in *Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984) that an ALJ has a heightened duty to an unrepresented plaintiff to inquire into all relevant facts relating to plaintiff's claim and not to merely disregard or give short shrift to her complaints. *Kane v. Heckler*, 731 F.2d 1216, 1219-20 (5th Cir. 1984).

In *Kane*, the plaintiff was a younger individual with a tenth grade education who had stopped work due to cancer of the cervix, had over six bladder surgeries and  and had been awarded and received benefits for six years. She appeared at a hearing to appeal the termination of disability benefits without an attorney. *Kane*, at 1218. The ALJ a five-minute hearing during

which he did not ask whether or not she wanted counsel, spent the majority of the hearing relating to instructions and putting the claimant under oath, and asked only one general question about the claimant's subjective complaints. *Id.* The Fifth Circuit held that the ALJ was "required to consider the symptoms and emotions of the claimant," including "the medical reports and Kane's suggestion of pain. . . . ," and to delve "into the existence or non-existence of distress sufficient to be disabling." *Id.* at 1220. The ALJ's duty is not to conduct a lengthy hearing or protracted inquiry but to make "a careful effort to make a complete record." *Id.*

This case is similar to *Kane* only in that the plaintiff was not represented by counsel at her hearing before the ALJ. The similarities effectively stop there. The ALJ in this case not only informed plaintiff of her right to have counsel represent her and asked whether she wanted counsel, he then had plaintiff sign a waiver of counsel. (Tr. 90) He carefully elicited testimony from the plaintiff, her husband, her sister-in-law and a VE. (Tr. 25 - 57) The hearing lasted almost an hour, during which time the plaintiff was allowed to interject, question and provide comments relating to the VE's testimony. *Id.*

To obtain a remand for the ALJ's failure to develop the record, the plaintiff must show that the ALJ failed to develop the record, and that she was prejudiced as the result. *Brock v. Chater* 84 F.3d 726, 728 (5th Cir. 1996). Thus, to support her claim that the ALJ failed to fulfill his duty to send her for a consultative mental exam, plaintiff must fist establish that the exam was necessary – in other words, that there ever *was* a duty – and then that she was prejudiced by not having the exam.

It is the plaintiff's burden to produce evidence, if it exists, sufficient to prove her claims. *See* Clarification of Rules Involving Residual Functional Capacity Assessments, 68 Fed. Reg. 51

at 153,154-55 (Aug. 26, 2003). The ALJ generally has discretion in determining whether a consultative exam is needed unless a physician suggests an exam or the record raises a strong suspicion that an additional impairment is present. 20 C.F.R. §404.1517 (2008); *see Brock*, 84 F.3d at 728. In this case, the plaintiff did not claim that she had any mental problems in her initial disability report (Tr. 129) or her pain questionnaire of December 20, 2005, (Tr. 137 - 138); s he did not mention any mental problems during her November 2007 examination by Dr. Frenz (Tr. 449 - 454), and although her treating physician Dr. Pratt states that she has "chronic depression" (Tr. 438), there is no evidence in Pratt's records or treatment notes of such complaints or to support this mental diagnosis. Further, the ALJ properly afforded lesser weight to Dr. Pratt's opinions, noting they were conclusory and did not necessarily reflect the substance of his records. Although plaintiff's husband made mention of minor mental lapses, isolated comments by a plaintiff's witness, without objective support, are not sufficient to raise a suspicion of a nonexertional impairment. *Brock* at 728. In sum, plaintiff has not proffered or pointed to evidence in the record that would show that if the ALJ had ordered a consultative exam his decision would have been different. *Hussey v. Astrue*, 2009 WL 166666, *8 (E.D. La. 2009), citing *Brock*, 84 F.3d at 728.

At the hearing, the ALJ painstakingly provided the plaintiff opportunity to raise all complaints contributing to her impairment. Although she discussed in detail her pain, inability to walk distances, stand for long periods of time and other issues, she never mentioned any mental problems or complaints. Just as in *Brock*, plaintiff's current allegations of mental problems are the sort of assertions or isolated comments that are insufficient to raise a suspicion or even to allow an ALJ to intuit a mental impairment. The ALJ thus was not required to order a

consultative exam. The court holds that even in light of the plaintiff's status as unrepresented by counsel, the ALJ fully complied with the duty to develop the record, his decision was supported by substantial evidence, and it should be affirmed.

## 2. ALJ'S DUTY TO CONSIDER THE COMBINED EFFECT OF PLAINTIFF'S IMPAIRMENTS

The court has diligently reviewed the record in its entirety and the ALJ's decision in detail and concludes that the plaintiff's argument that the ALJ failed to consider the effects of plaintiff's impairments in combination before assessing her RFC is wholly without merit. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). The ALJ's decision states:

> The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526)

(Tr. 21, Finding No. 4). The decision itself makes clear that the ALJ's finding was not merely a rote statement, but that he considered the testimony and the record as a whole, considering each of the plaintiff's impairments individually, as well as the effect of these limitations in combination, to determine whether they resulted in limitation of her daily living and work ability and activity. Finally, the ALJ's RFC determination was more favorable to plaintiff in that it reflected her subjective complaints more favorably than the reliable medical assessments in the record, thus illustrating the ALJ's consideration of all relevant factors upon plaintiff's ability to work.

## **CONCLUSION**

The record clearly contains substantial evidence to support the Commissioner's

decision. The court holds that the ALJ's decision should be affirmed. A final judgment will issue this day.

This, the 9th day of March, 2010.

                                              /s/ S. Allan Alexander
                                           UNITED STATES MAGISTRATE JUDGE